IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES JONES, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:22-cv-279 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner James Jones, Jr., an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned United State magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner challenges a 2006 conviction for murder in Jefferson County, Texas. (Doc. #1.) Petitioner previously filed a petition for writ of habeas corpus challenging the same conviction. *Jones v. Director, TDCJ-CID*, 1:10cv395 (E.D. Tex.). On March 9, 2011, this court dismissed the prior petition as barred by the applicable statute of limitations.

Discussion

Title 28 U.S.C. § 2244(b)(3) provides that a district court may not entertain a second or successive petition for writ of habeas corpus unless the governing court of appeals has granted the petitioner permission to proceed with a successive petition. *In re Davila*, 888 F.3d 179, 182 (5th Cir. 2018). Section 2244(b)(1-2) provides that authorization shall be given only under the following circumstances:

> (1) A claim presented in a second or successive habeas corpus application under Section 2254 that was presented in a prior application shall be dismissed.

> (2) A claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed unless-

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 n.1 (5th Cir. 1997).

As stated above, Petitioner's prior petition was dismissed as barred by the applicable statute of limitations. A petitioner must obtain authorization to file a second petition for writ of habeas corpus even if the dismissal of his first petition was based on the statute of limitations, as opposed to the merits of the petition. *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009). As a prior petition challenging the same conviction was previously dismissed, and as Petitioner does not state the United States Court of Appeals for the Fifth Circuit has granted him leave to file a successive petition, this matter should be dismissed without prejudice as successive.

## Recommendation

This petition for writ of habeas corpus should be dismissed without prejudice as successive.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object to this Report and Recommendation will bar that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions which are accepted

by the district court, *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this the 28th day of July, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE